1828.

Fabre
v.
Colden.

---

## FABRE AND WIFE *v.* COLDEN.

One of two devisees cannot file a bill for an account against one of two exe-
cutors, where the executors, by the will, have the charge of the real estate,
without making the other devisee and executor parties.

Where the husband applies to a court of equity for the control of his wife's
property, the court will protect her interests, and make such a decree as is
most for her benefit.

THE complainants' bill stated, among other things, that the defendant was the only acting executor of Anthony Marshall, late of the city of New York, who died in January, 1811, leaving two daughters, Rosalia, one of the complainants here, and Catherine. That by the will of the said Anthony, his executors were directed to take charge of the maintenance and education of his said children, until they should attain the age of 21 years; the expenses of which were to be paid out of the rents and profits of his real estate. He also directed that his just debts and funeral expenses, together with two annuities of small amount, should be first paid out of his estate, and devised the residue to his two daughters, to be equally divided between them when they should attain the age of 21 years: and in case of the death of either under age, and without leaving lawful issue, the proportion of such deceased child to go to the survivor. That on the 9th of February, 1828, Rosalia was married to Edward Fabre; since which time, the defendant has *neglected and refused to pay or advance any thing towards her support or maintenance. That she will be 21

August 25th.

[*167]

years old on the 18th day of May, 1829. That the only charge now upon said estate is an annuity of $250, and a sum sufficient for the support and maintenance of Rosalia and Catherine. The bill prayed for relief, by decreeing a discovery of the value of said real estate; of what it consists, what the rents, issues and profits of the same are, and have been; and that the complainants may be allowed out of the same, after deducting the annuity of $250, one-half of the residue, from the 9th day of February, 1828, to the 18th of May, 1829, and for general relief.

The answer admitted the material allegations in the bill; but the defendant further stated, that the personal property of the testator was insufficient to pay his debts; and that, by an order of this court, they had been authorized and directed to apply so much of the rents and profits of the real estate as was not necessary for the support, maintenance and education of the daughters, and payment of the annuities, to satisfy those debts; that there was still an outstanding judgment, against the executors, unsatisfied; that as there were cross remainders, in case either of the children should die before twenty-one without issue, he was advised that it would be unsafe to pay to the complainants one-half of the rents and profits before Rosalia, the wife, arrived at the age of twenty-one. And he submitted himself to the court for advice and direction.

THE CHANCELLOR:—There is no averment in the bill, or admission in the answer, that the husband is not amply able to provide for the support and maintenance of his wife; or that she needs any part of the rents and profits of the real estate in the hands of the executors and trustees for that purpose. She has no legal claim to any thing beyond that, until she is of age; and the executor would be unsafe in paying it to her. Catharine has a contingent interest in the fund; the whole will belong to her if Rosalia should die under age without issue, and no decree can be made in favor of the complainants without making Catharine a party.

Neither *would it be proper to direct an account in this case, except she were a party, together with the other executor who has acted under the will.

Whenever the husband applies to get the control of his wife's property through the medium of a court of equity, especially if the wife is an infant, the court will look to her interests, and make such a decree as is most for her benefit.

In this case, if the husband is able to provide for and support his wife, her substantial interest requires that the income of the property should be applied to the payment of the unsatisfied judgment, agreeably to the former order of this court; so that she may receive the property when she becomes of age, unincumbered and free from all claims against it.

The bill must be dismissed with costs; but without prejudice to the right of the complainants to call for an account, &c., when the wife is of age.